FLIER, J.,
Concurring and Dissenting. — Because I conclude the arbitration provision does not encompass all of respondent Valo Khalatian’s causes of action, I write separately.[1] I would affirm in part and reverse in part the trial court’s order denying appellants’ (Prime Time Shuttle, Inc., Rideshare Airport Management, LLC, formerly known as Rideshare Port Management, LLC, and Rattan Joea) petition to compel arbitration.
*664 As the majority explains, Khalatian agreed to arbitrate “any controversy or claim between the parties arising out of or relating to this Agreement or any alleged breach hereof, including any issues . . . that this Agreement or any part hereof is invalid, illegal, or otherwise voidable or void.” Further, as the majority acknowledges, in evaluating a motion to compel arbitration, the threshold issue under both the Federal Arbitration Act (9 U.S.C. § 1 et seq.) and under California law is whether the parties have an agreement to arbitrate. (Pinnacle Museum Tower Assn. v. Pinnacle Market Development (US), LLC (2012) 55 Cal.4th 223, 236 [145 Cal.Rptr.3d 514, 282 P.3d 1217]; Elijahjuan v. Superior Court (2012) 210 Cal.App.4th 15, 20 [147 Cal.Rptr.3d 857] (Elijahjuan) [threshold issue is whether the parties have an agreement to arbitrate]; see AT&T Technologies v. Communications Workers (1986) 475 U.S. 643, 648 [89 L.Ed.2d 648, 106 S.Ct. 1415] [“ ‘[Arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.’ ”].) Although the law favors arbitration, there is no policy compelling arbitration unless the parties agreed to arbitrate a dispute. (Bono v. David (2007) 147 Cal.App.4th 1055, 1063 [54 Cal.Rptr.3d 837].)
Here with respect to the statutory Labor Code violations, as in Elijahjuan, supra, 210 Cal.App.4th at page 21, the critical dispute is not whether the parties’ agreement describes Khalatian as an independent contractor — -it does — “but whether [Khalatian was] in fact [an] independent contractor[] under the applicable legal principles.” (Ibid.; see Quinonez v. Empire Today, LLC (N.D.Cal., Nov. 4, 2010, No. C 10-02049 WHA) 2010 WL 4569873, p. *4 [dispute over whether person is an employee or independent contractor turns on the otherwise governing law, not the parties’ agreement].) Khalatian’s claims are not based on any contractual provision but on the definition provided in the otherwise governing law. (See Elijahjuan, at p. 21.) “. . . Labor Code claims do not arise out of the contract but instead are distinct from rights under the Agreement[].” (Id. at p. 24.) Therefore, the causes of action based on statutory Labor Code claims do not arise out of or relate to the parties’ agreement.
Further, the breach of contract cause of action is not based on the parties’ agreement but instead is based on a different agreement under which Khalatian claims third party beneficiary status. The breach of contract cause of action is based on an alleged agreement between appellants and the City of Los Angeles. No evidence in the record indicates that agreement contains an arbitration provision. Appellants therefore fail to show that the cause of action for breach of contract falls within the definition of an arbitrable dispute.
In contrast, some of the causes of action fall within the parties’ arbitration provision. In his causes of action for unlawful termination and unfair business *665 practices, Khalatian alleged his termination violated the parties’ agreement. Those causes of action alleging that appellants breached their agreement “arise out of’ the agreement. Therefore, they fall within the parties’ contractual arbitration provision.
Finally, for the reasons explained by the majority, I agree that appellants did not forfeit the opportunity to arbitrate by waiting 14 months to move to compel arbitration.

 Most claims in the operative complaint are based on the alleged violation of Labor Code statutes governing payment and benefits to employees. The conversion cause of action was based on an alleged violation of Labor Code section 351, which governs gratuities. The breach of contract cause of action is based on an alleged agreement between appellants and the City of Los Angeles, requiring appellants to pay their. employees a living wage. Khalatian’s wrongful termination cause of action was based on alleged violation of public policy based on various Labor Code statutes. In the cause of action for interference with prospective economic advantage, Khalatian alleged that appellants terminated his agreement “in contravention of its terms.” Similarly the unfair competition claim was based on an alleged improper termination in contravention of the terms of the agreement as well as identifying the same allegations raised in his other causes of action.